IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **CTI SYSTEMS SA,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 14-cv-6723 |
| | : | |
| **HERR INDUSTRIAL, INC.,** | : | |
| Defendant. | : | |

**M E M O R A N D U M**

**Stengel, J.**                                                                                                    **March 11, 2015**

This dispute spans two states and two continents. CTI Systems is a Luxembourg corporation. Herr Industrial is a Pennsylvania corporation. CTI has asked this court to recognize and enforce a default judgment from a Luxembourg court against Herr under the Pennsylvania Uniform Foreign Money Judgment Recognition Act. The Luxembourg judgment pertains to a breach of a construction contract between CTI and Herr. The construction project is in Kansas. Prior to this suit being filed, Herr filed a federal action in the U.S. District Court of Kansas. Herr moves to dismiss the case without prejudice or, in the alternative, transfer venue under the "first-filed rule." CTI claims this action is distinct from the Kansas action. For the reasons stated below, I will dismiss this case without prejudice.

I.   **BACKGROUND**[1]

   a. **Facts Alleged in This Action**

---

[1] The information in this section is taken from the Complaint in this action and/or exhibits attached thereto, unless otherwise noted.

1

On December 13, 2011, CTI entered into a contract with Herr regarding a painting installation in Hesston, Kansas. Herr was to provide supplies and labor. CTI was to pay Herr $5,200,000.00. The contract included a choice of law provision stating that the laws of Luxembourg applied and that the parties agreed to submit to the exclusive jurisdiction of Luxembourg.

On July 6, 2012, CTI and Herr signed an Addendum to the contract because Herr was having difficulty paying its subcontractors. CTI agreed to pay Herr's subcontractors directly under the Addendum; however, these payments would exclude the 7% management fee owed Herr for work it had done to manage those subcontractors. Herr sent a number of "purchase orders" to CTI for direct payment. Herr signed a "revised purchase order 56258PPR" of December 14, 2012, which stated that CTI paid out $2,738,395.99 on behalf of Herr. These payments reduced the contract price from $5,200,000.00 to $2,461,604.01. On December 21, 2012, CTI sent Herr another "revised purchase order 56258PPR" which allegedly corrected the amount of payments. The December 21, 2012 purchase order showed $2,819,483.71 in payments, reducing the contract price to $2,380,516.29. Herr did not countersign the December 21, 2012 purchase order. On January 11, 2013, Herr signed a "Contractor's affidavit, partial waiver and release of lien upon progress" stating that the total contract price owed Herr was $2,380,516.29. CTI allegedly paid Herr $2,513,582.55.

On February 13, 2013, Herr allegedly "walked off the job" before completing its contractual work. Herr allegedly did not pay other subcontractors. CTI paid those contractors an additional $321,419.90. Herr then submitted three invoices to CTI, totaling

2

$73,049.21. One invoice for $11,826.71 corresponded to a debt owed Herr's subcontractor which CTI already had paid. CTI refused to pay Herr's last three invoices, claiming that Herr had breached their agreement. CTI alleged that it had overpaid Herr by $393,263.66.[2]

On July 29, 2013, Herr filed a lien in Kansas on the property on which the construction project was located.[3] This lien related to moneys owed by CTI for labor, equipment, material, and supplies in the amount of $80,639.21. On December 19, 2013, CTI posted bond in the amount of $121,000.00 to clear the Kansas property of the lien. That bond serves as replacement collateral for the lien in the event a court enters an award connected to the lien.

On April 21, 2014, CTI brought a claim for overpayment in the District Court of Luxembourg. Herr was notified of this suit via registered mail, service of process, and an email to Herr's attorney. Herr was expected to appear before the Luxembourg Court on June 6, 2014. Herr did not appear. A judgment in favor of CTI was entered on July 11, 2014. The Luxembourg Court ordered Herr to pay $393,293.66 plus interest and costs.[4] On September 2, 2014, Herr was served a copy of that judgment. Herr did not appeal the decision. The appeal deadline expired.

---

[2] CTI does not dispute that the amount of the other two invoices would have been owed Herr. CTI instead considers their non-payment of these invoices as serving to reduce the overpayment amount they contend Herr owed them. See Compl., Doc. No. 1 at 3.

[3] Herr had allegedly filed a notice of extension in the District Court of Harvey County, Kansas, to extend the time by which to file the lien. This notice was mailed to both CTI and AGCO Corporation (whose involvement is explained below). See Doc. No. 9, Ex. 2 at 13.

[4] A cost of 1,000 Euros was imposed on Herr based on Luxembourg's New Code of Civil Procedure Article 240.

On November 24, 2014, CTI filed suit in this court, requesting that the Luxembourg judgment be recognized and enforced under Pennsylvania's Uniform Foreign Money Judgment Recognition Act (UFMJRA), 42 P.S. §§22001-22009.[5] In response, Herr moved to dismiss or transfer venue based on the first-filed rule.[6]

b. Kansas Federal Action[7]

On July 28, 2014, Herr had filed a breach of contract diversity lawsuit against CTI in the U.S. District Court for the District of Kansas (Wichita). See Herr Industrial, Inc. v. CTI Systems, SA, et al. (14-cv-1232 D.C. Kan.). AGCO Corporation, the owner of the construction project's property, and Old Republic Surety Company, the company which issued CTI's bond for the property lien, were also named as defendants.[8] The Kansas complaint explained that CTI contracted with AGCO to build, supply, and install a paint workshop on AGCO's property in Hesston, Kansas. CTI then contracted with Herr to provide supplies and labor related to this project.[9] Herr alleges that the last work required

---

[5] The title of this statute is self-explanatory. See Society of Lloyd's v. Mullin, 255 F.Supp.2d 468, 472 (E.D. Pa. 2003)("Under the Recognition Act, a judgment by a foreign court granting a sum of money is enforceable in Pennsylvania 'in the same manner as the judgment of another state which is entitled to full faith and credit,' provided the judgment is 'final and conclusive and enforceable where rendered....'"(quoting the statute)), aff'd, 96 Fed. Appx. 100 (3d Cir. 2004); Louis Dreyfus Commodities Suisse SA v. Financial Software Sys., Inc., 99 A.3d 79, 83 (Pa. Super. Ct. 2014)("Pennsylvania distinguishes between judgments obtained in the courts of her sister states, which are entitled to full faith and credit, and those of foreign courts, which are subject to principles of comity." (quoting Somportex Ltd. v. Phila. Chewing Gum Corp., 453 F.2d 435, 440 (3d Cir. 1971)).

[6] Service was not executed until mid-January. The motion to dismiss was filed on January 30, 2015.

[7] Information contained in this section is taken from the Kansas complaint and amended complaint. See Doc. No. 9, Ex. 2 and 3.

[8] AGCO is a Delaware corporation with a Georgia principal place of business. Old Republic is a Wisconsin corporation with a principal place of business in Wisconsin.

[9] The Complaint indicates that this contract was formed on November 5, 2011. The Amended Complaint alleged this date was December 13, 2011, in line with the contract itself.

on the contracted was completed on February 28, 2013. Herr claims it was not paid $80,639.21 under the contract.

On May 29, 2013, Herr filed a notice of extension for filing a mechanic's lien with the Kansas state court. This notice was sent to CTI and AGCO. On July 29, 2013, Herr filed a lien on the project's property for the $80,639.21 it was allegedly owed under the contract. CTI posted a bond pursuant to Kansas law K.S.A. §60-1110 through Old Republic Surety Company in order to clear the lien.[10]

On July 28, 2014, Herr filed an action in the District Court of Kansas (Wichita) against CTI, AGCO, and Old Republic Surety Company. Herr's original complaint alleged counts for breach of contract, quantum meruit/unjust enrichment, suit on bond, lien foreclosure, and a violation of the Kansas Fairness in Private Construction Contract Act (KFPCCA), K.S.A. §16-1806. The KFPCCA requires all payment disputes concerning construction projects in Kansas to be brought in Kansas courts. Herr did not execute service of this complaint on the defendants.

On October 17, 2014, Herr filed an amended complaint, adding more facts about its alleged damages.[11] The First Amended Complaint also added a declaratory judgment count—asking the court to declare the Luxembourg default judgment invalid under the KFPCCA. Herr executed service of the first amended complaint on October 23, 2014.[12] The defendants have requested and been granted three extensions to respond to the first

---

[10] The original complaint claimed the execution of this bond may have been questionable or contradictory to K.S.A. § 60-1110.

[11] The amended complaint asserted that Herr was owed $372,050.66 by CTI.

[12] Service was rendered on October 22, 2014. See Doc. No. 12 at 6.

amended complaint. On January 30, 2015, Herr filed a second amended complaint, with the consent of the defendants and leave of court.[13] The defendants have not yet answered that complaint.

## II.   DISCUSSION[14]

### a. The First-Filed Rule Applies

When two actions regarding the same issue are pending before two federal courts with concurrent jurisdiction, the "first-filed rule" instructs the court of first-filing to decide the issue, absent extraordinary circumstances.[15] See E.E.O.C. v. University of Pennsylvania, 850 F.2d 969, 971 (3d Cir. 1988)("In all cases of concurrent jurisdiction, the court which first has possession of the subject must decide it.")(quoting Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 929–30 (3d Cir.1941)).[16] "[T]his policy of comity has

---

[13] The information regarding this amendment was not alleged in the parties' briefing in this case. This amendment dismissed claims against AGCO and changed that name of CTI from CTI Systems, Inc. (which was not a party to the agreement) to CTI Systems, SA. The amended complaint also seemed to address the plaintiff's previous concern over the bond's compliance with Kansas state law. This information can be found in the public record of 14-cv-1232, District Court of Kansas (Doc. No. 15, 18, 19, 20).

[14] This court has jurisdiction based on diversity of the parties pursuant to 28 U.S.C. § 1332. CTI is a foreign citizen, Herr is a Pennsylvania corporation with its principal place of business in Lititz, Pennsylvania, and the amount in controversy exceeds $75,000.00. Venue appears to be proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1) and (d) because the defendant is a Pennsylvania corporation.

[15] The parties do not contest that concurrent jurisdiction is present. From what has been provided, both the Kansas court and this court would have jurisdiction over the parties. See Doc. No. 9 at 7-8, Doc. No. 12 at 7-14.

[16] See also Englebert v. McGraw-Hill Global Education Holdings LLC, No. 14-cv-2062, 2014 WL 3109884, at *2 (E.D. Pa. Jul. 8, 2014)("When cases involving the same issues are pending before different federal courts with concurrent jurisdiction, the "first-filed rule" instructs the court of first-filing to decide the issue."); Synthes v. Knapp, 978 F.Supp.2d 450, 455 (E.D. Pa. 2013)(citing E.E.O.C. v. Univ. of Pennsylvania, 850 F.2d 969, 971 (3d Cir. 1988)("The first-filed rule requires, absent extraordinary circumstances, that cases sharing substantially similar subject matter and subject to concurrent federal jurisdiction be decided by the court where the litigation was first filed."); Villari Brandes & Kline, P.C. v. Plainfield Specialty, No. 09-2552, 2009 WL 1845236, at *6 (E.D.Pa. June 26, 2009)(same); Koresko v. Nationwide Life Ins. Co., 403 F. Supp. 2d 394, 399 (E.D. Pa. 2005)("The first-filed rule dictates that 'in cases of federal concurrent jurisdiction involving the same parties and same issues, the court of first-filing must proceed to decide the matter.'")(quoting Southampton Sports Zone v. ProBatter Sports, 2003 WL 22358439, at *4 (E.D. Pa. 2003)).

served to counsel trial judges to exercise their discretion by enjoining the subsequent prosecution of 'similar cases... in different federal district courts.'" E.E.O.C., 850 F.2d at 971 (citations omitted). The first-filed rule serves to promote "sound judicial administration" and "comity among federal courts of equal ranks." Id.[17]

It is clear that the Kansas Federal Action is the first-filed federal action.[18] Herr's first amended complaint, which addresses the validity of the Luxembourg judgment, was filed on October 17, 2015, five weeks before this action.

CTI argues that the first-filed rule does not apply because the two courts "address discrete subjects."[19] I disagree. Both actions ask the respective courts to determine whether the Luxembourg default judgment can be enforced against Herr.

While both courts would start at different timeline points in the dispute, both would end up in the same place: whether Luxembourg had jurisdiction over this dispute. The Kansas federal court would first need to determine whether the contract's choice of

---

[17] See also Koresko, 403 F. Supp. 2d at 400 ("[D]ue consideration to the orderly administration of justice counsels in favor of ordinarily respecting the first-filed rule.").

[18] CTI argues that the Luxembourg action is, in fact, the first-filed action. While it is true that CTI filed the Luxembourg action in April 2014 and the Kansas Federal Action was filed in July 2014, the first-filed rule only pertains to federal (i.e. United States) courts. See E.E.O.C., 850 F.2d at 971 (explaining how the first-filed rule applies to "all cases of *federal* concurrent jurisdiction" and "similar cases…in different *federal* district courts." (citations omitted)(emphasis added)).

[19] See Grider v. Keystone Health Plan Ctr., Inc., 500 F.3d 322, 333 n. 6 (3rd Cir. 2007)(quoting Smith v. S.E.C., 129 F.3d 356, 361 (3d Cir. 1997)); CertainTeed Corp. v. Nichiha USA, Inc., No. 09-CV-3932, 2009 WL 3540796, *3 (E.D. Pa. Oct. 29, 2009)(quoting Grider); PhotoMedex, Inc. v. St. Paul Fire & Marine Ins. Co., No. 09-00896, 2009 WL 2326750, at *5 (E.D. Pa. July 28, 2009)("The threshold issue when addressing the first filed rule is whether the proceedings are 'truly duplicative,' that is, the later-filed case must be 'materially on all fours' with the previously filed action to trigger the first filed rule.")(quoting Grider, 500 F.3d at 333 n. 6)); Kedia v. Jamal, No. 06–6054, 2007 WL 1239202, *3 (D.N.J. Apr. 25, 2007) ("[T]he Third Circuit Court of Appeals has interpreted the first-filed rule narrowly, holding that it only applies to truly duplicative proceedings" (internal quotations omitted)).

law provision could confer jurisdiction on a Luxembourg court.[20] If the provision is enforceable, the Kansas court would then determine if the Luxembourg default judgment could be recognized and enforced against Herr.

Essentially, this is the same analysis this court would need to undertake. The UFMJRA only applies to conclusive judgments. A lack of personal or subject matter jurisdiction by a foreign court renders a foreign judgment "nonconclusive" under the UFMJRA. See 42 P.S. § 22005(2) and (3). Whether the Luxembourg court had jurisdiction would likely depend on the enforceability of the forum selection clause.

Furthermore, a decision in the Kansas federal action would leave little or nothing for this court to decide. See Grider v. Keystone Health Plan Ctr., Inc., 500 F.3d 322, 333 n. 6 (3rd Cir. 2007)(explaining how a second suit is "truly duplicative" if a decision in the first suit would leave "little or nothing to be determined in the [second-filed suit]") (quoting Smith v. S.E.C., 129 F.3d 356, 361 (6th Cir. 1997)).[21] If Kansas finds the foreign judgment is enforceable, the parties' dispute is resolved. If the Kansas court finds

---

[20] The KFPCCA requires that all payment disputes arising out of construction projects be brought in Kansas courts. K.S.A. §16-1806. The terms of the contract itself cannot override this provision; forum selection clauses that do, are considered to be unenforceable under the KFPCCA. K.S.A. §16-1801(b).

[21] I recognize that other district courts in this Circuit have offered a less stringent definition of the first-filed rule. See, e.g., Villari Brandes & Kline, P.C. v. Plainfield Specialty, No. 09–2552, 2009 WL 1845236, at *6 (E.D. Pa. June 26, 2009)("The applicability of the first-filed rule is not limited to mirror image cases where the parties and the issues perfectly align. Rather, the principles underlying the rule support its application where the subject matter of the later filed case substantially overlaps with that of the earlier one. The 'substantive touchstone of the first-to-file inquiry is subject matter.'" (citation omitted)); Synthes, Inc. v. Knapp, 978 F.Supp.2d 450, 456 (E.D. Pa. 2013)("[T]he rule's application is not cabined to proceedings involving identical parties and identical issues, but extends to cases where there is a substantial overlap of the subject matter."). This narrower "truly duplicative" language adopted by the Third Circuit was found in dicta, leaving open the question of whether this narrower standard was formally adopted. See Synthes, 978 F.Supp.2d at 456 ("This language, appearing in a footnote, was dictum….Thus, we do not believe the Third Circuit has held that the first-filed rule requires the two cases to be duplicative or identical."). The parties disagree about which standard applies. However, I do not need to determine whether the Third Circuit's language was binding. This action is duplicative even under the more stringent definition.

that the Luxembourg judgment is not enforceable, the Kansas court can then resolve what the parties' rights are under the contract.[22]

CTI argues that the Kansas Federal Action would leave it without an adequate remedy because Kansas has not adopted the Uniform Foreign Money Judgment Recognition Act. As a result, CTI claims that only a Pennsylvania court can recognize and give preclusive effect to foreign national judgments. Such a difference in law, CTI claims, distinguishes the two actions. Precedent shows otherwise. While Pennsylvania has enacted the UFMJRA, and Kansas has not, Kansas can still use traditional principles of comity and preclusion found in common law to enforce the foreign judgment.[23] In Hilton v. Guyot, the Supreme Court instructed federal courts to recognize a foreign judgment if the judgment was rendering according to traditional American due process principles. 159 U.S. 113, 202 (1895).[24] "Nothing in Kansas statute or case law suggests

---

[22] In this way, the Kansas Federal Action can more fully resolve the parties' dispute: what their rights are under their contract. Since this case involves only a declaratory judgment claim, the court could only decide if the Luxembourg decision was enforceable. If this court found it was not, the parties would then still need to file another action to determine what their rights would be under the contract, possibly running afoul of statutes of limitations. The Kansas court, however, could go further and determine an appropriate remedy for the parties. This determination may require the court to access evidence at the construction and witnesses which would be located in Kansas. The Kansas court would also need to consider the parties' rights as to the lien filed by Herr and the bond secured by CTI, under Kansas law. For both of these reasons, the Kansas court would also be a better forum to resolve the contractual dispute. The Kansas court can more efficiently resolve this dispute than this court.

[23] See Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 359 (10th Cir. 1996) ("… Kansas has not passed the Uniform Foreign Money Judgments Recognition Act. Kansas does, however, apply traditional principles of comity.") (citing In re Marriage of Nasica, 12 Kan.App.2d 794, 758 P.2d 240 (1988))(internal citation omitted)); Phillips USA Inc. v. Allflex USA, Inc., No. 92–2405–JWL, 1993 WL 545216, at *5 (D. Kan. Dec. 10, 1993)(enforcing Australian judgment based on principles of res judicata and Hilton); Alpine Atlantic Asset Management AG v. Comstock, 552 F.Supp.2d 1268, 1282 (D. Kan. 2008)("The prevailing common law view [in Kansas] is that judgments of foreign countries are entitled to recognition and enforcement largely to the same extent as sister-state judgments.")(citing Restatement of the Law (Third) of the Foreign Relations Law of the United States §481, at 594-604 (1987)).

[24] Federal courts will recognize a foreign judgment if
  there has been opportunity for a full and fair trial abroad before a court of competent jurisdiction, conducting the trial upon regular proceedings, after due citation or voluntary appearance of the

that it would not follow the principles set out in Hilton v. Guyot." Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 359 (10th Cir. 1996)(citation omitted).[25]

This action is duplicative of the Kansas Federal Action. The first-filed rule applies.[26]

b. **No Exception to the First-Filed Rule is Warranted**

CTI argues that, even if the first-filed rule applies, I should make an exception to that rule because Herr is "forum shopping." "[R]are or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping" may persuade a court to decline to follow the first-filed rule. E.E.O.C., 850 F.2d at 972, 976. I am not persuaded that Herr's actions require an exception to the rule.[27] Herr filed its action in Kansas, where both parties had submitted to jurisdiction based on their dealings with the construction project. The construction site was located in Kansas. There were arguments about whether Herr

---

        defendant, and under a system of jurisprudence likely to secure an impartial administration of justice between the citizens of its own country and those of other countries, and there is nothing to show either prejudice in the court, or in the system of laws under which it is sitting, or fraud in procuring the judgment.

Hilton, 159 U.S. at 202.

These are considerations similar to those examined under the UFMJRA.

[25] Interestingly, CTI cites Pirito v. Penn Eng'g World Holdings, 947 F.Supp.2d 489, 502 (E.D. Pa. 2013), to support its argument. Pirito's finding that a foreign judgment had preclusive effect relied on Hilton v. Guyot, 159 U.S. 113 (1895), not Pennsylvania's UFMJRA. Pirot, 947 F.Supp.2d at 502-04.

[26] Though the parties have not raised this point, I will note that inclusion of other parties in the Kansas Federal Action does not render the first-filed rule inapplicable. See Advanta Corp. v. Visa U.S.A., Inc., CIV.A. 96-7940, 1997 WL 88906 at *3 (E.D. Pa. Feb. 19, 1997)("The first-filed rule turns on which court first obtains possession of the subject of the dispute, not the parties of the dispute."). The inclusion of Old Republic Surety in the Kansas action is related to the contract dispute between Herr and CTI; Old Republic would not be a party to the case but for CTI's posting of the bond to clear Herr's lien.

[27] Any arguments about forum shopping on the part of Herr could just as easily be applied to the actions of CTI. If Herr's purpose in filing the action in Kansas was to avoid the consequences of the Luxembourg action in this court, CTI's actions in bringing the Luxembourg action could just as easily be seen as actions to avoid the consequences of the laws of Kansas, including the KFPCCA. CTI's decision to then file suit in Pennsylvania, where the law may potentially be more favorable in enforcing its judgment, could just as easily be seen as "forum shopping."

had adequately completed its performance on that site. It makes sense that Herr would have filed in the District of Kansas.[28]

Making an exception and allowing this case to proceed could also undercut the very principles espoused in the first-filed rule.[29] If I were to go forward and proceed with this claim while the Kansas court also litigated essentially the same issues, there is a risk that we could reach contradictory conclusions about the rights of the parties under their contract.[30] "It is of obvious importance to all the litigants to have a single determination of their controversy, rather than several decisions which if they conflict may require separate appeals to different circuit courts of appeals." Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 930 (3d Cir. 1941)(adopting the first-filed rule in the Third Circuit).

### c. Dismissal is Most Appropriate

CTI argues that I should stay this case rather than dismiss it. According to CTI, it will eventually need to come back to this court to enforce the Luxembourg judgment

---

[28] Even if part of Herr's motivation were to find a more favorable forum, forum shopping typically only justifies an exception when it is the sole reason for a party choosing one forum over another. See Zelenkofske Axelrod Consulting v. Stevenson, No. CIV. A. 99–3508, 1999 WL 592399, at *3 (E.D. Pa. Aug. 5, 1999) ("[D]isregard of the first-filed rule ... will rarely be found where the first action was filed in a logical place."); Stone Creek Mech., Inc. v. Carnes Co., No. CIV.A. 02-1907, 2002 WL 31424390, at *3 (E.D. Pa. Oct.25, 2002). See also Mattel, Inc. v. Louis Marx & Co., 353 F.2d 421, 424 n. 4 (2d Cir.1965) (stating that "[e]xamples of situations which would justify a departure from the 'first filed' rule of priority include ... cases where forum-shopping alone motivated the choice of the situs for the first suit").

[29] CTI also argues that an exception should be made because this case has proceeded further than the Kansas Federal Action. See E.E.O.C., 850 F.2d at 972, 976 (explaining how the further progress of the later-filed suit may warrant an exception to the first-filed rule); Doc. No. 12 at 13 ("As a result, this Court has a head start on this issue over the Kansas Court, in which an Answer or a Rule 12(b) motion is not yet due."). This argument holds little weight. This action is hardly further than the Kansas Federal Action. The only reason the Kansas Federal Action has not been answered by CTI is because CTI has requested numerous unopposed extensions to respond to the Kansas complaint.

[30] CTI's implicitly argues that Herr's filing of its Kansas Federal Action on July 28, 2014, after the Luxembourg court rendered its decision, was a showing of bad faith. This is a somewhat incomplete rendering of the facts. Herr filed its notice of intent to file a lien against CTI in May, before the final judgment was rendered. Herr also was not served with Luxembourg court's final decision until September. See Doc. No. 1, Ex. H. Before that point, there appears to be little evidence that Herr was aware of the judgment rendered against it. I cannot say that Herr's own filing in Kansas was done in bad faith.

under the Recognition Act. This is not a given. Assuming that the Kansas federal court finds the Luxembourg Judgment is valid, that court can just as easily recognize and enforce the Luxembourg judgment under principles of international comity. On the off chance that the Kansas federal court finds the Luxembourg judgment to be valid AND is unable to enforce that judgment, leaving CTI without a remedy, CTI can easily refile an action in this court. That refiling would need to include an explanation of the Kansas Federal Action, which is lacking in the current action's complaint. Information about the disposition of the Kansas Federal Action could then better inform this court about whether the Judgment should be enforced under the Pennsylvania UFMJRA.[31] I find little reason to stay this case when the Kansas Federal Action will likely dispose of this dispute.[32]

### III. CONCLUSION

For the foregoing reasons, I will grant the defendant's motion to dismiss based on the "first-filed rule." This action will be dismissed without prejudice.

An appropriate Order follows.

---

[31] The Pennsylvania UFMJRA has no statute of limitations. Any delay in recognizing and enforcing the judgment would not prejudice CTI in this regard.

[32] Because I find dismissal to be most appropriate, there is no need for me to address Herr's alternative argument for transfer of venue. Since the Kansas Federal Action already contains a declaratory judgment count regarding the validity of the Luxembourg Judgment, I see no reason why this action would need to be consolidated with that action.